COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Juan Cerda Alvarado v. The State of Texas

Appellate case number:   01-14-00894-CR

Trial court case number:   11-DCR-058831

Trial court:                      240th District Court of Fort Bend County

Appellant's appointed counsel, Zachary Maloney, has not filed a brief on appellant's behalf in the above-referenced appeal. Appellant's brief was first due on April 10, 2015. On April 23, 2015, the Clerk of the Court notified appellant that the brief had not yet been filed and required a response within 10 days. *See* TEX. R. APP. P. 38.8(b)(2). No response to this notice was received and on May 21, 2015, we abated and remanded to the trial court for a hearing to determine why the brief had not been filed.

A supplemental clerk's record was filed on July 20, 2015. The trial court found that Alvarado wished to continue his appeal, his attorney moved to withdraw and this motion was granted, and the court appointed Stacy Jones as attorney for Alvarado. The court also set a deadline of 60 days from the date of the hearing for the brief to be filed. Thus, the brief was due on September 14, 2015. One motion for extension was filed and granted until October 29, 2015. Notice of late brief issued on November 9, 2015. Another motion for extension was filed and granted until December 16, 2015. We noted that no further extensions would be granted absent exceptional circumstances. No brief or further motion for extension has been filed. Another notice of late brief issued on December 30, 2015. A response was due on January 11, 2016, but none has been filed.

Pursuant to Rule of Appellate Procedure 38.8, we must abate this appeal and remand the cases to the trial court for a hearing. *See* TEX. R. APP. P. 38.8(b)(2)–(3). We direct the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office, appointed counsel Jones, and appellant shall be present.[1] The trial court shall have a court

---

1    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel

reporter record the hearing. The trial court is directed to make appropriate findings on these issues:

(1) whether appellant wishes to prosecute these appeals; and, if so,

(2) whether appointed counsel Jones has abandoned the appeal by failing to timely file briefs on appellant's behalf;

(3) and, if so, whether appellant is presently

(a) indigent, in which case the trial court should appoint new appellate counsel at no expense to appellant and establish a date by which counsel will file a brief, no later than 30 days from the appointment; or

(b) not indigent, in which case the trial court should establish a date by which appellant shall retain new counsel;

(4) or, if appointed counsel Jones has not abandoned the appeals, make appropriate findings and recommendations regarding the reason that counsel has failed to file briefs and establish a date by which counsel will file appellant's briefs, no later than 30 days from the date of the hearing.

TEX. CODE CRIM. PROC. ANN. arts. 1.051(d), 26.04; TEX. R. APP. P. 38.8(b)(2), (3), (4).

The trial court shall cause a supplemental clerk's record containing its findings and recommendations, including the name, address, telephone number, and State Bar number of any substitute counsel, and the reporter's record of the hearing to be filed in this Court **no later than February 8, 2016.** If the hearing is conducted by video teleconference, a certified video recording of the hearing shall be filed in this Court no later than February 8, 2015.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order, and the reporter's record of the hearing, have been filed in this Court. The trial court coordinator shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature: /s/ Harvey Brown
☑ Acting individually  ☐ Acting for the Court

Date: January 21, 2016

---

shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.